[Brewer v. The State.]

# Brewer *v.* The State.

*Indictment for Embezzlement.*

1. *Embezzlement; who is agent, or servant.*—A mail-rider in the employment of the United States, who steals the money in a registered letter from a mail-bag, is not the agent or servant of the person who sent the letter, within the terms of the statute (Code of 1876, § 4377; Code of 1886, § 3795) against embezzlement.

FROM the Circuit Court of Sumter.
Tried before the Hon. S. H. SPROTT.

J. J. ALTMAN, for the appellant, cited Bish. Crim. Law, vol. 2, §§ 333, 352; *Hinderer v. The State*, 38 Ala. 415; Clark's Crim. Law, § 1053.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The record shows that the defendant was convicted of embezzling money which was alleged to have come into his possession by virtue of his employment as agent or servant of one Rainer, which is made punishable by the statute as if he had stolen it.—Code of 1886, § 3795. This conviction was under the third count of the indictment, which operated, under our practice, as an acquittal under all the other counts of the indictment. We confine ourselves, therefore, to a consideration of the charge made in this single count.

The evidence showed that in September, 1886, Rainer had sent the sum of three hundred and ninety-five dollars in a registered letter, from a post-office in Choctaw county, to Cuba station, another post-office in Sumter county, through the mail service of the United States government. The defendant was the mail-rider between these two points, and the evidence tends to prove, that; while thus engaged, he appropriated the money by fraudulently converting it to his own use.

In our opinion, the defendant, under these circumstances, was not the agent or servant of Rainer, who could in no sense be said to be his principal, or employer. He was not in the

8

[*Ex parte* Dykes.]

service of Rainer, but of the United States government, from which he received his appointment, and by whose official authorities only he was liable to be removed, or deposed. The term *agent*, or *servant*, as used in the statute, imports the correlative idea of a principal, or master, and "implies employment; service, delegated authority, to do something in the name or stead of the principal—an employment by virtue of which the money or property came into his possession." *Pullam v. The State*, 78 Ala. 31; Code of 1886, § 3795; 2 Bish. Crim. Law (7th Ed.), 352–354.

The Circuit Court erred in not giving the charge requested by the defendant, to the effect, that, if the jury believed the evidence, they must find the defendant not guilty as to the third count in the indictment.

The rules of practice now requiring a former acquittal, or conviction, to be specially pleaded, we do not make an order in this court discharging the defendant, but reverse the judgment, and remand the cause, that the order may be made by the Circuit Court.—Rule of Practice No. 31, 82 Ala. p. VIII.

Reversed and remanded.