# James Brown *v.* The State.
# Willie Brown *v.* The State.
# Kiah Brown *v.* The State.

*Indictments for Petit Larceny.*

1. *Venue.*—Where on the trial of a criminal case there is no proof that the offense charged and under investigation was committed in the county where the indictment is found and returned into the court in which the trial is had, the offense is not proved as laid. and the affirmative charge should be given for the defendant on his request in writing

2. *Demurrer to indictment.*—A count in an indictment based on Code of 1886 § 3790, which is in the form prescribed by the Code, page 273, charging the defendant with larceny of timber from the lands of another, is not subject to demurrer for failing to aver that the timber was cut and carried off with the intent to convert it to the defendant's own use.

3. *Code 1886, § 3790.*—Section 3790 of the Code of 1886 embraces within its meaning all growing or standing trees, including such as are fit only for firewood or which are converted into and used as firewood, and denounces as a crime the cutting and carrying away, under the circumstances and with the intent stated, of any such tree regardless of its adaptability to particular uses and of the uses to which it is in fact devoted by the wrong-doer.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The third count of the indictment in each of these cases is *mutatis mutandis* in the following words: "The grand jury of said county further charge that before the finding of this indictment James Brown knowingly, wilfully and without the consent of the owners entered upon the land of Fanny Englehardt and Mattie Englehardt and cut and carried off timber of the value of less than twenty-five dollars, against the peace and dignity of the State of Alabama." The defendants demurred to this count of the indictment on the following ground among others, " because, it does not allege that the defendant cut and carried off the alleged timber with intent to convert the same to his own use,"— which demurrer the court overruled.

[Brown v. The State.]

The testimony tended to show that the trees cut by defendants from the lands referred to in the indictment were for fire-wood and were hauled to Montgomery for sale as such.

The court in its instructions to the jury charged them "that under the statute wood and timber were one and the same thing," to which charge the defendants duly excepted.

The defendants requested the court in writing to give the following charge. "There is no evidence that any wood hauled off the land was timber—hence there can be no conviction under the third count of the indictment." The court refused to give this charge and the defendants duly excepted to such refusal.

SAYRE & PEARSON, for the appellants.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—These three cases were tried below and are submitted here together. They involve the same questions, presented here in separate bills of exceptions and records. Each of the bills of exceptions states that it contains all the evidence adduced on the trial. There is no evidence in either of them that the offense charged and under investigation was committed in the County of Montgomery, by the grand jury of which the indictments were returned in the criminal court of which the trials were had. The offenses were therefore not proved as laid and the City Court should have given the affirmative charge for the defendant in each case, as requested by them severally in writing. *Cawthorn v. State*, 63 Ala. 157.

The third counts of the indictments under which these convictions were had is in the form prescribed by the Code, and is therefore not open to the objection taken by the demurrer that they fail to aver that the timber was cut, &c. by the several defendants with the intent to convert it to their own use. Criminal Code, p. 273.

We deem it unnecessary in these cases to construe the clause of section 3790 under which the indictments are drawn further than to say that it at least embraces all growing or standing trees and denounces as a crime the cutting and carrying away, under the circumstances and with the intent stated, of any tree wholly regardless of its adaptability to particular uses and of the uses to which it is in fact devoted by the wrongdoer. The evidence adduced on these trials went to show that the defendants felled many

large trees, converted them into cord wood or fire wood and carried them away.  The court charged the jury that under the statute wood and timber were one and the same thing. This instruction was to meet the contention of the defendants that trees which are fit only for fire wood, or which are converted into and used as, fire wood could not be timber within the meaning of the statute.  This view being unsound, the charge when referred to the evidence stated above was not erroneous as applied to these cases, though we are not to be understood as expressing any opinion upon it considered as a general proposition.

For the errors pointed out above the judgment in each of these cases is reversed.  The causes are severally remanded.