# Henderson v. The State.

*Indictment for Arson.*

1. *Arson; what is not a dwelling-house within the meaning of the statute.*—A small one room structure with a piazza along one side of it, which, though built for that purpose, had not been occupied as a dwelling for 8 or 10 years, and was dilapidated and wholly unfit for habitation, and had for many years been used only for the storage of cotton, was not a dwelling-house within the meaning of sections 3780 and 3781 of the Code, defining the crime of arson.

2. *Same; burning of cotton house containing cotton arson in the second degree, regardless of its value.*—The burning of a cotton house containing cotton is, under the provisions of section 3781 of the Code, arson in the second degree, although the house with its contents is of less value than $500; the provision of said section, as to value having no reference to cotton houses, but to the buildings named therein just preceding the provision as to cotton houses.

3. *Same; averment of value in indictment.*—In an indictment for arson in burning a cotton house containing cotton, an averment of the value of the house and its contents is mere surplusage, and should be entirely disregarded in the consideration of the case.

4. *Failure to prove venue entitles discharge; when charge does not present the question.*—In a criminal prosecution, the failure to prove the *venue* entitles the defendant to an acquittal, and the court should, upon request, instruct the jury to acquit the defendant if they believe the evidence; but where, on a trial under an indictment for arson in the second degree, there is no evidence of the *venue*, a charge that "If the jury believe all the evidence in this case, the defendant is not guilty of arson in the second degree," does not present the question of the failure to prove *venue*, and an exception to the refusal of the trial court to give said charge in such case is unavailing on appeal to raise the point of the want of evidence of *venue*.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JESSE M. CARMICHAEL.

The defendant was indicted, tried and convicted of

[Henderson v. The State.]

arson in the second degree, and sentenced to the penitentiary for two years. The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe all the evidence in this case, the defendant is not guilty of arson in the second degree." (2.) "If the house alleged to have been burned was not an unoccupied dwelling-house, within the meaning of the statute, the defendant is not guilty of arson in the second degree, unless the house with its contents is shown by the proof to have been worth five hundred dollars or more." (3.) "Unless the jury believe from the evidence beyond a reasonable doubt, that the defendant set fire to and burned an unoccupied dwelling-house, or set fire to and burned a cotton house, which, with its contents was worth five hundred dollars or more, then the defendant is not guilty, and the jury should acquit him." (4.) "If the jury believe from the evidence that the house alleged to have been burned was built for and used as a dwelling-house up to 8 or 10 years ago, and then its use as a dwelling-house was abandoned, and it has not since that time been used or occupied as a dwelling-house, or for people to live in, but has been used as a cotton house to store or keep cotton in, then it is a question for the jury to decide whether it was an unoccupied dwelling-house, or a cotton house, and if it was not an unoccupied dwelling-house, but was a cotton house, then the defendant can not be convicted of arson in the second degree, unless the house with its contents is shown by the proof to have been worth five hundred dollars or more."

HICKMAN & RILEY and HENRY OPP, for appellant.— The degree of arson, whether second or third, which the law ascribes to the burning of a cotton house, is determinable by the value of the house and the property therein contained.—*James v. State*, 104 Ala. 20. The venue in this case was not proven, and the judgment of conviction was necessarily erroneous. This point was raised and presented by the first charge requested by the defendant, and which was refused by the court.—*Randolph v. State*, 100 Ala. 139; *Cawthorn v. State*, 63 Ala. 157.

W. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—This indictment contains three counts. The first two charge arson of an uninhabited dwelling house. The proof was that the house was a small one room structure with a piazza along one side of it, that it had been built, and was at one time occupied, for the purposes of a dwelling, but that it had not been so occupied for eight or ten years last past; was at the time of the fire dilapidated, dismantled and wholly unfit for habitation, and had been used for said period only for the storage of cotton. We are of opinion that on these undisputed facts it had wholly lost its character as a dwelling-house within the meaning of sections 3780 and 3781 of the Code; and that the conviction must be referred to the third count of the indictment, which avers the arson of a "cotton house containing cotton, * * * which cotton house with the cotton therein contained was of the value of five hundred dollars or more."

The evidence shows that a cotton house containing cotton was burned, and that the value of the house and its contents was less than five hundred dollars. Upon this, there being also evidence tending to connect the defendant with the burning, two questions were sought to be raised by instructions r‑quested on the part of the defendant. The first of these is, whether the burning of a cotton house which together with its contents is of less value than five hundred dollars is arson in the second degree, under section 2781 of the Code, or arson in the third degree, under section 2784. The statute itself is clear in the solution of this question : it expressly declares that the burning of a cotton house containing cotton is arson in the second degree; the provision as to value contained in the same section having obviously no reference to such houses, but only to the buildings named therein just before this provision. Ample justification of this legislative discrimination between cotton houses and the like and those previously enumerated is found in the consideration that buildings of the former class are usually more exposed‑ to incendiarism than those of the latter.

The other point raised in this connection is, that there is a fatal variance between the indictment and the proof,

in that it is alleged that the value of the house and contents was five hundred dollars or more, and the proof is of a value scarcely more than one hundred dollars. We think this position is ill taken. The averment of value in the indictment is matter of innocuous surplusage which should be entirely disregarded, rather than matter of description which must be proved. The case is strictly analogous in this respect to that presented by an indictment for larceny of property laying value at twenty-five dollars or more, when the proof at the trial is of a value of, say, ten dollars. In such case there would be a conviction of petit larceny—a result which would be impossible if appellant's contention, that the averment of value is descriptive and must be proved, else a variance exists and acquittal follows, be conceded.

It is stated in the bill of exceptions that all the evidence adduced on the trial is set out therein. It does not appear by the bill that there was any evidence tending to show that the offense charged and which the evidence went to prove, was committed in Covington county, the county of the indictment : there is no evidence of venue. On this state of case the trial court should, upon request, have charged the jury to acquit the defendant if they believed the evidence, but unless such charge was asked and refused the point was not saved for the appellant, and can not be availed of here.—*Brown v. State*, 100 Ala. 92 ; *Randolph v. State*, 100 Ala. 139. We do not find that the point was saved on the trial. The request for instruction which is now relied on as presenting the question is the following : "If the jury believe all the evidence in this case, the defendant is not guilty of arson in the second degree," which was refused. It is manifest from the whole record as also upon the words of this request that it was addressed to the question of the degree of the crime, and not to the inquiry whether the crime, confessedly committed, so far as this charge is concerned, in some degree, was committed in Covington county. And so it must have been understood by the court and jury. It does not direct an acquittal merely if the jury believe the evidence, which would have been proper since there was no evidence of venue ; but it requires an affirmative finding by the jury that the defendant did not burn the cotton house described in the indictment whether the house was or was

not in Covington county. The charge was, in other words, clearly not intended to raise the question of venue, that question is not presented by its terms, and to give it that effect, to say the least, would be to require the giving of a confusing and misleading instruction as applied to this question of venue, and one which with reference to the point to which it was really addressed was affirmatively unsound.

We find no error in the record, and the judgment is affirmed.