# Harvey *v.* The State.

### *Indictment for Murder.*

1. *Charge as to reasonable doubt.*—In a criminal case, a charge which instructs the jury that "a reasonable doubt is a doubt for which a reason can be given," is misleading, and, therefore, the refusal to give such charge is not reversible error.

2. *Same; charge as to proof of venue.*—On the trial of a criminal case, where there is no evidence tending to show that the offense charged was committed in the county where the indictment was found, the defendant is entitled to an acquittal, and it is error for the court to refuse to give the general affirmative charge in favor of the defendant.

3. *Same; charge as to reasonable doubt.*—In a criminal case, a charge which instructs the jury, that "unless the evidence against the defendant is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt, the jury must acquit him," is erroneous and properly refused.

4. *Same.*—In a criminal case, a charge which instructs the jury "If the circumstances in the case were strong enough to prove beyond all reasonable doubt every link save one in the chain of circumstances, necessary to show the guilt of the defendant, yet, if the jury have any reasonable doubt about the truth of this one link or circumstance, then the jury must give the defendant the benefit of this doubt and acquit him," is misleading and properly refused.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

The appellant, Gabe Harvey, was indicted and tried for the murder of Lizzie Bray, was convicted of murder in the first degree and sentenced to be hanged. The only witnesses shown by the bill of exceptions to have been examined on the trial of the case, were State witnesses. The evidence tending to connect the defendant with the commission of the crime was circumstantial.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "Unless the evidence against the defendant is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt, the jury must acquit him." (2.) "If the circumstances in the case were strong enough to prove beyond all reasonable doubt every link save one in the chain of circumstances, necessary to show the guilt of the defendant, yet, if the jury have any reasonable doubt about the truth of this one link or circumstance, then the jury must give the defendant the benefit of this doubt and acquit him." (3.) "The court charges the jury that a reasonable doubt is a doubt for which a reason can be given." (4.) "If the jury believe the evidence they must acquit the defendant."

CHAS. S. McDOWELL, JR., for appellant, cited *Hodge v State*, 97 Ala. 37; *Cohen v. State*, 50 Ala. 108; *Cawthorn v. State*, 63 Ala. 157; *Clark v. State*, 46 Ala. 307; *Childs v. State*, 55 Ala. 28; *Frank v. State*, 40 Ala. 9; *Bain v. State*, 61 Ala. 75.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ford v. State*, 123 Ala. 81; *Talbert v. State*, 121 Ala. 33.

HARALSON, J.—1. The only questions needing comment in this case, arise on the refusal of the court to give the 3d and 4th charges. The 3d has been re-

cently condemned as misleading and for that reason, there was no reversible error in its refusal.—*Avery v. The State,* 124 Ala. 20.

2. When there is no proof on the trial of a criminal case, tending to show that the offense charged in the indictment was committed in the county where the indictment is found, it is error to refuse the affirmative charge requested by defendant in writing.—*Brown v. The State,* 100 Ala. 29; *Randolph v. The State, Ib.* 139; *Henderson v. The State,* 105 Ala. 82.

The only question then, in passing on the 4th charge, is, was there any proof adduced on the trial, tending to show that the offense was committed in Barbour county. The only evidence tending to show where Lizzie Bray, the deceased, lived is, that her place of residence was on the McAllister place, near Batesville, but how near is not shown, nor is it shown that the McAllister place where she was killed, was in Barbour county. From aught appearing, she may have lived and been killed out of that county. We are unable to say that there was any evidence tending to prove the venue of the crime, and the 4th charge requested by defendant should have been given.

There was no error in refusing defendant's 1st and 2d requested charges.

Reversed and remanded.

