# Boykin *v.* The State.

## *Rape.*

(Decided Dec. 20th, 1906. 42 So. Rep. 999.)

*Criminal Law; Venue; Proof; Sufficiency.*—Where the only evidence of venue was that prosecutrix went from a certain town to the house of defendant, where the rape is alleged to have been committed, but there was no evidence of the distance or direction which she went, the proof was insufficient; for while the court judicially knows in what county such town is situated, it also knows that it is but a few miles to another county line.

APPEAL from Washington Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

Sam Boykin was convicted of rape, and sentenced to the penitentiary for a period of ten years. From this judgment he appeals. The facts upon which the opinion is rested sufficiently appear therein.

McGLATHERY & HICKS, and FOSTER & SMITH, for appellant.—The bill of exceptions sets out all the evidence, and there is no proper proof of venue. The general charge should have been given for the defendant.— *Barnes v. The State,* 134 Ala. 41; *Harvey v. State,* 125 Ala. 47; *Cawthorn v. State,* 63 Ala. 157. Counsel discuss other assignments of error not touched upon in the opinion.

MASSEY WILSON, Attorney General, for State.—There was evidence from which the jury might well have in-

ferred that the offense was committed in Washington county.—*Tinney v. State*, 111 Ala. 74. Counsel discuss the other errors insisted on, which are not touched in the opinion.

SIMPSON, J.—In this case the defendant was convicted of the crime of rape ,and sentenced to imprisonment in the pentitentiary for 10 years.

There is an entire absence of proof as to the venue. While the prosecutrix speaks of going from St. Stephens to the home of the defendant, neither she nor any other witness gives any intimation as to either the direction or the distance from said St. Stephens of the defendant's house. While the court judicially knows that St. Stephens is in Washington county, yet it also knows that it is only a few miles from the county line. Consequently the general charge, requested in writing by the defendant, should have been given.—*Barnes v. State*, 134 Ala. 36, 41, 42, 32 South. 670; *Harvey v. State*, 125 Ala. 47, 49, 27 South. 763; *Brown v. State*, 100 Ala. 92, 93, 14 South. 761.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.