[Thompkins v. The State] .

# Thompkins *v.* The State.

*Malicious Injury to Animal.*

(Decided April 19, 1911.   55 South. 267.)

1. *Appeal and Error; Review; Venue.*—An exception to the finding and judgment of the trial court upon the facts properly raises the question of venue on appeal.

2. *Venue; Evidence.*—Where there is a total absence of proof of venue a conviction for a criminal offense cannot be sustained where the question is properly raised.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

[Thompkins v. The State] .

H. J. Thompkins was convicted of malicious injury to animals, and he appeals. Reversed and remanded.

MATTHEWS & MATTHEWS, for appellant. The court erred in overruling demurrers to the complaint.—66 Ala. 465; 70 Ala. 12; 77 Ala. 66. There can be no conviction without proof of guilty intent where it is the essence of a crime.—2 Bish. Crim. Law 1162a. The court erred in its judgment on the facts and an exception to the findings and judgment of the court on the facts is sufficient to raise the question of venue on appeal.—Sec. 5261, Code 1907. Venue must be proven in all cases.—*Childs v. The State,* 55 Ala. 30; 70 Ala. 33; Sec. 7140, Code 1907.

ROBERT C. BRICKELL, Attorney General, for the State. No brief reached the Reporter.

PELHAM, J.—The prosecution in this case was instituted under section 6230 of the Code by affidavit and warrant issuing out of the city court of Bessemer, and the defendant was tried and convicted under that section for malicious injury to an animal. The jurisdiction of the city court of Bessemer is limited to a certain territorial part of Jefferson county, consisting of 13 precincts, and including the city of Bessemer.—Local Acts, Jefferson county, p. 115.

The appeal is taken from the judgment of conviction rendered in the city court of Bessemer on a trial had before the judge of the court, without a jury, and the bill of exceptions purports to set out all of the evidence. It nowhere appears that the offense was committed in that part of Jefferson county to which the jurisdiction of the city court of Bessemer is limited, or that it was even committed in Jefferson county; and the defendant, having excepted to the finding and judgment of the trial

[Gray v. The State.]

court upon the facts, properly raises the question of venue on this appeal.

There being a total absence of proof of venue, and this question being properly presented by the defendant, the case must be reversed.—*Barnes v. State,* 134 Ala. 36, 32 South. 670; *Harvey v. State,* 125 Ala. 47, 27 South. 762; *Brown v. State,* 100 Ala. 92, 14 South. 761; *Randolph v. State,* 100 Ala. 139, 14 South. 792; *Henderson v. State,* 105 Ala. 82, 16 South. 931.

Reversed and remanded.