# Davidson *v.* The State.

*Assault With a Weapon.*

(Decided June 13, 1912.   Rehearing denied July 11, 1912.
59 South. 687.)

1. *Criminal Law; Venue; Question Raised.*—Where the court tries a case without the intervention of the jury, an exception to the finding of the trial court on the facts may properly raise the question of the sufficiency of the proof of venue.

2. *Same; Ground of Review; Necessity of Exception.*—Where the cause was tried by the court without a jury, and the bill of exceptions showed that after the court had convicted the defendant and assessed a fine against him he for the first time excepted to the finding and judgment, the appellant court cannot consider the sufficiency of the evidence authorizing a conviction.

[Davidson v. The State.]

3. *Same; Finding on the Facts.*—The finding of a trial court on the facts is entitled to the same credit and weight as the verdict of a jury, and the appellate court will not pass on the weight of the evidence, or the credibility of the witnesses.

4. *Indictment and Information; Election.*—It sometimes happens that an election is necessary to prevent prejudice to the defendant, in bringing in evidence of other crimes for which he is not indicted, and to prevent the conviction of the offense charged, on evidence of other offenses; but the purpose of joining two or more counts, in an indictment, is to prevent the application of the doctrine of election, and where, out of precaution to meet every aspect of a single offense, the State charges distinct crime, but makes no effort to convict thereon, it will not be compelled to elect.

5. *Same; Continuous Transaction.*—Where the indictment charged in one count that the assault was made on a certain person, and in the other count that it was made on two other persons, but it was shown that the assault was one continuous transaction, the State was not required to elect on which count of the indictment it would proceed.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Will Davidson was convicted of an assault and he appeals. Affirmed.

R. G. ROWLAND, for appellant. No venue was proven in this case.—Section 7140, Code 1907. The state should have been compelled to elect upon which count it would proceed.—*McPherson v. The State,* 54 Ala. 221; *Bass v. The State,* 63 Ala. 108; *Orr's case,* 108 Ala. 571. On the question of venue see further.—*Harvey v. The State,* 125 Ala. 47; *Milton v. The State,* 134 Ala. 42; *Brown v. The State,* 100 Ala. 92; 99 Ala. 180; 100 Ala. 139; 104 Ala. 83.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly denied the defendant's motion to compel the solicitor to elect upon what offense he would prosecute. The offenses charged in separate counts are identical in all that constitutes their criminality, and in the manner and measure of their punishments, as

developed by the testimony, the two offenses grew out of the same transaction.—*Mayo v. State,* 30 Ala. 32; *Adams v. State,* 55 Ala. 143; *Wooster v. State,* 55 Ala. 217, 220; *Butler v. State,* 91 Ala. 87, 90; *Tanner v. State,* 107 Ala. 35, 38; *Cunningham v. State,* 117 Ala. 59, 66; *Lowe v. State,* 134 Ala. 154, 156; *Lucas v. State,* 144 Ala. 63, 67. The sentence pronounced does not impose a greater penalty than prescribed for one offense.—*Cawley v. State,* 37 Ala. 152; *Johnson v. State,* 50 Ala. 456, 459; *Sampson v. State,* 107 Ala. 76, 80; *Lucas v. State,* 144 Ala. 63, 68. The verdict of the court without a jury based on evidence sufficient to convict will not be disturbed by the appellate court.—*Summers v. State,* 70 Ala. 16; *Gillian v. State,* 71 Ala. 10; *Calloway v. State,* 75 Ala. 37; *Quillman v. Gurley,* 85 Ala. 594; *DuBose v. State,* 126 Ala. 81.

PELHAM, J.—The case was tried before the court without a jury; the defendant being charged with an assault with a weapon. The contention is made that the venue was not proven. This question, however, is not shown to have been raised in any way that would authorize us to consider the proof in relation to that matter. The bill of exceptions on this point shows that after the court had ascertained the guilt of the defendant, assessed a fine, and rendered a judgment of guilty, "thereupon" the defendant excepted to the finding and judgment. No point was made or objection raised to the sufficiency of the evidence to authorize a finding of the defendant's guilt thereon until after the finding had been made and the judgment pronounced by the court. An exception to the finding of the trial court on the facts, when sitting in the trial of cases without a jury, may properly raise the question of venue (*Thompkins v. State,* 1 Ala. App. 258, 55 South. 267);

but the record must show that the sufficiency of the evidence to authorize a finding of guilty was challenged before the finding was made and judgment entered.

The indictment contained two counts, one count alleging the assault to have been made on one Jim Ware, and the other count alleging the assault to have been made on Hoss Watkins and Bud Trimble.

On the trial the defendant made a motion to require the state to elect on which count of the indictment it would proceed. The assault was shown to be but one continuous transaction, occurring within a few moments of time, and the two shots fired in rapid succession. An election is required in certain cases to prevent prejudice to the defendant by bringing in evidence of other crimes for which the defendant is not indicted, and to avoid bolstering up a conviction of the offense charged by other and different offenses (*Smith v. State,* 52 Ala. 384) ; but the principle has no application to a case where evidence given is of a single, continuous transaction.—*Hamilton v. State,* 153 Ala. 63, 44 South. 968; *Willis v. State,* 134 Ala. 429,, 33 South. 226. The purpose of joining in an indictment two or more counts is to prevent the application of the doctrine of election. (*Carleton v. State,* 100 Ala. 130, 14 South. 472) ; and where, out of precaution to meet every aspect of a single offense, an indictment charges distinct crimes, and no attempt is made to convict the accused of disconnected offenses, the state will not be compelled to elect.—*Butler v. State,* 91 Ala. 87, 9 South. 191; *Tanner v. State,* 92 Ala. 1, 9 South. 613; *Upshur v. State,* 100 Ala. 2, 14 South. 541.

The record shows the defendant was found guilty and fined only on the first count of the indictment, and no attempt made to convict of two offenses growing out of separate and distinct transactions.—*Lucas*

*v. State,* 144 Ala. 63, 67, 39 South. 821, 3 L. R. A. (N. S.) 412. We do not think this record presents a case for putting the state to an election of offenses. The demurrers to the indictment, on the ground that the indictment charged separate and distinct offenses in the same indictment, because in different counts it alleged an assault with a weapon on different persons, were properly overruled.—*Tanner v. State,* 92 Ala. 1, 9 South. 613; *Lucas v. State,* 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412.

The evidence was sufficient to authorize the trial court to find the defendant guilty of the charge preferred; and it is not for this court to pass upon the weight of the evidence or credibility of the witnesses. The finding of the trial court on the facts is entitled to the same credit as the verdict of a jury.—*Winter-Loeb Grocery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, 58 South. 807, and authorities there cited.

There is no error presented by the record, and the case will be affirmed.

Affirmed.