(75 South. 711)

COWART v. STATE. (3 Div. 265.)

(Court of Appeals of Alabama. April 3, 1917. On Rehearing, June 5, 1917.)

1. CRIMINAL LAW ⬅878(3)—CONVICTION ON ONE COUNT — ACQUITTAL AS TO OTHER COUNTS.

A conviction under one count of an indictment only operates as an acquittal as to the other counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2100.]

2. EMBEZZLEMENT ⬅11(2) — BY TRUSTEE OF STATE.

A state officer, converting money coming into his hands by virtue of his office, is guilty of embezzlement as a trustee for the state, although not expressly authorized to receive such money as the state's agent.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 10.]

3. EMBEZZLEMENT ⬅11(2) — BY TRUSTEE OF STATE.

A state officer, converting money received by him to be held for a specific purpose or to be delivered to another officer for state use, will be guilty of embezzlement as a bailee, although having no right to receive such money.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 10.]

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. EMBEZZLEMENT ⬭⬭21 — BY TRUSTEE OF STATE.

Code 1907, § 6831, providing for punishment for embezzlement by "a bailee or other agent or trustee" of money or property deposited with him, "or which may have come into his possession by virtue of any bailment for any purpose," included embezzlement by immigration commissioner of state funds.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 24–29.]

5. INDICTMENT AND INFORMATION ⬭⬭110(13) —FOLLOWING LANGUAGE OF STATUTE—SUFFICIENCY—EMBEZZLEMENT.

In an indictment for embezzlement, a count substantially following the language of the statute was not objectionable.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 291–294.]

6. BAILMENT ⬭⬭1—"BAILEE."

A "bailee" is a specie of agent to whom something movable is committed in trust, not for the bailee, but for another.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 1–12.

For other definitions, see Words and Phrases, First and Second Series, Bailee.]

7. EMBEZZLEMENT ⬭⬭11(2)—BY STATE IMMIGRATION COMMISSIONER.

Where state immigration commissioner converted money paid him by landowners for advertisements in a hand-book published by the state, he was guilty of embezzlement as a bailee of the state, since Code 1907, § 831, subd. 3, required landowners to pay the expenses of such advertisements, and section 829 provided for the commissioner's compensation in another manner, and section 828 made the commissioner liable to removal by the state, and the publishers of such book were paid out of the state treasury, thus making the commissioner the bailee of the state, and not of the landowners.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 10.]

On Rehearing.

8. CRIMINAL LAW ⬭⬭844(1)—APPEAL—SUFFICIENCY OF EXCEPTION TO CHARGE.

An exception merely, describing the subject treated by the court in an oral charge, and not exactly designating the objectionable statements, is insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2025.]

9. CRIMINAL LAW ⬭⬭844(1)—APPEAL—SUFFICIENCY OF EXCEPTION TO CHARGE.

An exception, merely designating the beginning of parts of oral charge objected to, without showing the conclusion of such parts and using language materially different from the charge, is insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2025.]

10. CRIMINAL LAW ⬭⬭678(1)—RECEPTION OF EVIDENCE—ELECTION BETWEEN ACTS.

Where evidence in embezzlement prosecution showed that immigration commissioner had collected and cashed several checks within period covered by indictment, but did not show exactly when money was converted or in what quantities, the state was not required to elect on which single item of evidence it would rely.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1580.]

Appeal from City Court of Montgomery; A. H. Alston, Judge.

Lee Cowart was convicted of embezzlement, and appeals. Affirmed. Application for rehearing overruled.

Jesse F. Stallings and Richard V. Evans, both of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The defendant was convicted of embezzling money which the indictment alleges came into his possession as bailee or trustee of the state. The conviction was under the fourth count of the indictment only, and this operated as an acquittal as to the other counts. Brewer v. State, 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693.

[2, 3] One of appellant's contentions is that the defendant could not be a bailee or trustee of the state, as a matter of law, unless he was authorized by statute to receive money of the state, as its agent or officer, and that the statute conferred on him no such authority. This court ruled on this question in the case of Lacey v. State, 13 Ala. App. 212, 68 South. 706, where it was held that:

"Any fund or property belonging to the state coming into the hands of a public officer of the state by virtue of his office ipso facto constitutes such officer a trustee for the state. Wolffe v. State, 79 Ala. 206, 58 Am. Rep. 590. And if the fund or property was received by such officer to be held by him for a specified purpose or to be delivered to another officer of the state, for the use of the state, although the officer had no right to receive it, such officer would be a bailee of the state and liable as such."

The holding in that case was reaffirmed by the court in the companion case at the same term (Lacy v. State, 13 Ala. App. 267, 69 South. 244), and was reviewed by the Supreme Court on petition for writ of certiorari without change. Ex parte Lacey (Lacey v. State) 193 Ala. 677, 69 South. 1018.

[4] The indictment is framed under section 6831 of the Code 1907; and another contention of the appellant is that funds belonging to the state, or other public funds, are not within the protection of this statute. This question has likewise been ruled against appellant's contention in Peters v. State, 12 Ala. App. 133, 67 South. 723, where it was said:

"The statute (Code 1907, § 6831) provides in this particular that: 'Any * * * bailee, or other agent, or trustee * * * who embezzles or fraudulently converts to his own use any money, property, or effects deposited with him, or which may have come into his possession by virtue of any bailment for any purpose, * * * must be punished, on conviction, as if he had stolen it.'"

[5] The fourth count follows substantially the language of the statute, and was not subject to the several objections made by the demurrers. Johnson v. State, 152 Ala. 46, 44 South. 670; Kimbell v. State, 165 Ala. 118, 51 South. 16; Brown (Jerome S.) v. State, 15 Ala. App. 180, 72 South. 757.

The appellant further contends that he was not, under the evidence, a bailee or trustee of the state of the funds in question, but

that he was the bailee or trustee of the parties who paid the money into his hands. The facts material to this question, as we find them in the record, are that appellant, as immigration commissioner of the state, appointed under the provisions of section 828 of the Code of 1907, caused to be published a handbook on the resources of the state, in which he listed information as to the lands of a number of individual owners in the form of an advertisement of said lands for sale, and for which he charged and collected from each individual owner whose lands were so listed and advertised a sum of money to cover the expenses of such advertisement. The cost of printing this handbook, including the land advertisements, was charged to the state by the publishers, a bill was presented to the defendant as immigration commissioner, which was approved by him and by him presented to the Governor, who approved it, and thereupon the account was paid by the state treasurer out of the funds appropriated by section 835 of the Code. The theory of the prosecution is that the appellant converted the money collected from the landowners whose lands were advertised in said handbook to his own use, and there is evidence tending to support this theory; while the theory of the defendant is that he paid this money out in expenses incurred in the preparation of the book and its distribution.

[6, 7] The appellant's contention here is that, on these facts, assuming that he feloniously converted this money to his own use, he is not guilty because he was the bailee or trustee of the landowners who delivered the money to him, and was not a bailee or trustee of the state, as charged in the indictment. This contention presents the real question in the case. "A bailee is a species of agent to whom something movable is committed in trust, not for the bailee, but for another." Lang v. State, 97 Ala. 45, 12 South. 185. The statute (subdivision 2, § 831, of the Code), authorized the immigration commissioner to collect from farmers and landowners information concerning lands that were for sale, and to make publication of such information, providing that:

"All expenses incurred in subdivisions 2 and 3 of this section shall be paid by the persons whose land or property is so advertised." Code 1907, § 831, subd. 3.

In collecting such information and publishing the same, and in requiring the landowner to pay the expenses incident thereto, the immigration commissioner was not the agent of the landowner, but the agent of the state, from which he received his appointment and authority, and by whose official authority he was liable to be removed. Brewer v. State, 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693; Code 1907, § 828. The money paid to the commissioner by the landowners certainly did not belong to the commissioner; his compensation was otherwise provided for. Code 1907, § 829. It did not belong to the landowner because he had received what he paid for, the advertisement of his lands. It did not belong to the publisher; the state had paid him out of its treasury. By this process of reasoning we are driven to the conclusion that this money ex æquo et bono was the property of the state (Wolffe v. State, 79 Ala. 206, 58 Am. Rep. 590; Lacey v. State, 13 Ala. App. 212, 68 South. 706); that the appellant was the bailee or trustee of the state in its possession, and if he feloniously converted it to his own use, he is guilty as charged in the fourth count of the indictment. On the evidence this was a question for the jury, and we do not feel warranted in overturning the ruling of the trial judge and disturbing the verdict.

Affirmed.

### On Rehearing.

[8, 9] The exceptions to the oral charge of the court were not noticed in brief of able counsel for appellant on original submission; and, while the court considered those exceptions, it was not deemed necessary to prolong the opinion in treating them, for the reason just stated. However, in the application for rehearing, we are invited to reconsider these exceptions. The only effort to reserve exceptions to the oral charge of the court is thus shown. After the oral charge was concluded, the bill of exceptions recites the following:

"The Court: Is the state satisfied?

"Mr. Arrington: The state is satisfied."

"Mr. Stallings' exception to that part of the general charge starting with the words, 'If, however, you may find there is nothing in the law requiring him to collect this money, if he collected it notwithstanding he had no authority to do so, he would be guilty', and exception to that part beginning, 'one check for $25, one for $1.25, and one for $50.50' (the sentence beginning with these words), and to that part beginning, 'After he got the money out of the bank, it ought to have been deposited in the state treasury,' ending with the words, 'under that he would be guilty.'"

What was said by the Supreme Court in B. R. L. & P. Co. v. Freidman, 187 Ala. 570, 65 South. 941, is here appropriate:

"The exception attempted to be taken to the oral charge of the court in the respect of the statement that the jury's province was to decide the issues of fact was abortive; for that it was descriptive only, not the reservation of an exception to a particular, exactly designated statement of the judge. There is no practice allowing an exception by description of a subject treated by the court in an oral charge to the jury."

This holding was followed and applied by the majority holding in Addington v. State, 74 South. 846.[1] The exception here is abortive for another reason. The language quoted, as to the two first exceptions, is designated as the beginning of the parts excepted to, without showing the conclusion of the parts excepted to, and as to all the language quoted in the exceptions is materially different from the language of the charge. Murray v. State, 13 Ala. App. 175, 69 South. 354.

[10] The evidence offered by the state tended to show that during the course of the de-

---

[1] Ante, p. 10.

fendant's administration of the office of immigration commissioner he had collected several checks coming into his possession as such commissioner at different times, but within the period covered by the indictment, and while the evidence tended to show that the defendant in each instance had cashed the checks soon after they were received, as to when the money was converted, or in what quantities, rests solely in inference, to be drawn by the jury, from the evidence in the case. The gravamen of the charge in the several counts of the indictment is not that he unlawfully or fraudulently received and converted the checks, but that he unlawfully or fraudulently converted the money of the state coming into his possession by virtue of his office, agency, or trusteeship, as the case might be, and for all that appears this money was converted at one and the same time. The motion of the defendant to require the state to elect "on which single item" of evidence it would rely for conviction was therefore properly overruled. Herring v. State, 16 Ala. App. 98, 75 South. 646; Davidson v. State, 5 Ala. App. 106, 59 South. 687.

The application for rehearing is overruled.

Overruled.