## HOLDER v. STATE. (2 Div. 274.)

(Court of Appeals of Alabama. July 10, 1923.
Rehearing Denied Oct. 16, 1923.)

1. **Rape** ☞47—**Testimony of prosecutrix as to events which occurred before the offense, defendant having no connection therewith, held inadmissible.**

In a prosecution for rape, testimony of prosecutrix as to her acts for several days prior to the commission of the offense, with which defendant had no connection, and which tended to excite the sympathy of the jury for the prosecutrix, was inadmissible.

2. **Criminal law** ☞564(1) — **Venue of crime should not be left in doubt when it may be readily proved.**

The venue of a crime should never be left in doubt, nor supplied by inference, when it may be readily proved.

3. **Criminal law** ☞564(1) — **Conviction cannot be sustained, where the evidence shows the offense to have been committed in a county other than where the indictment is preferred.**

Under Code 1907, § 7140, providing that it is unnecessary to allege where an offense is committed, but that it must be proved to have been committed within the county where the indictment is preferred, where the evidence, if any, showed that rape was committed in a county other than where the indictment was preferred, a conviction cannot be sustained.

4. **Criminal law** ☞720(1)—**Remark of the solicitor that jury would not consider boundary lines held improper:**

Where there was a lack of evidence of the venue of the offense, remarks of the solicitor to the jury that they would not consider boundary lines very much in a case like this was improper.

Foster, J., dissenting.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Joe Holder was convicted of rape, and appeals. Reversed and remanded.

Jerome T. Fuller, of Centerville, for appellant.

Evidence of transactions by the prosecutrix and others, with which defendant had no connection, was inadmissible on the trial of this defendant. Martin v. State, 16 Ala. App. 406, 78 South. 322; Benjamin v. State, 17 Ala. App. 77, 81 South. 855; Ex parte Benjamin, 203 Ala. 696, 82 South. 893; Brewer v. State, 15 Ala. App. 681, 74 South. 681. Venue must be established by the same rules of evidence as to every material ingredient of the offense. Parnell v. State, 9 Ala. App. 673, 62 South. 307; Spelce v. State, 17 Ala. App. 401, 85 South. 835. If there be no proof of venue, the defendant is entitled to the general charge. Clark v. State, 46 Ala. 307; Childs v. State, 55 Ala. 28.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Each conspirator is guilty of all deeds proximately and naturally resulting from the common purpose, and it is a jury question what acts are within the scope of the conspiracy. Pierson v. State, 99 Ala. 148, 13 South. 550; Morris v. State, 17 Ala. App. 126, 82 South. 574. A conspiracy may, and often can only be, proven by circumstances and actions. Marler v. State, 68 Ala. 580. Defendant's requested charge, that the venue had not been proven, was properly refused. Lawman v. State, 207 Ala. 419, 18 Ala. App. 569, 93 South. 69; Edwards v. State, 205 Ala. 160, 87 South. 179.

BRICKEN, P. J. Upon being convicted of rape the defendant appeals to this court.

The alleged injured party was a woman by the name of Eula Mae Lee. The substance of her testimony was to the effect that this defendant committed the act complained of on Tuesday night, June 27, 1922, near midnight. Over the objection of the defendant she was permitted to testify as to her having run away from her home on the Sunday night previous, and in this connection she was permitted to state what she had done, where she went, and who she was with all during Sunday night, Monday, and Monday night, also during the whole day of Tuesday and up until the time, as testified to by her, that she first saw this defendant on Tuesday night.

[1] It is clearly apparent that these facts and circumstances detailed by this witness, by permission of the court, and over the objection of the defendant, were not permissible as against this accused upon this trial. They could shed no light upon the issues involved upon the trial of this case, and the defendant being in no manner connected with any of these transactions was as a consequence not bound thereby, nor was he responsible in any way therefor. This testimony was prejudicial to defendant, as it was calculated to create the sympathy of the jury for the alleged injured person and to excite their passion and prejudice against the party or parties responsible therefor, and as it clearly appears the defendant in no manner contributed to this condition or had any connection therewith his case should not have been burdened by the admission of this testimony. It was error to admit this testimony, for it was the duty of the court to confine the evidence in this case to the issues involved therein in order that the attention of the jury be not distracted, or that their minds be not withdrawn from the main issues involved and directed to matters which were foreign to the issues or of questionable or doubtful relevancy. Under the evidence contained in this record there appears no

theory upon which this testimony was admissible.

[2, 3] The court refused to defendant the affirmative charge, which the record shows was requested in writing and based upon the specific grounds that the venue had not been proven. Under the statute it is not necessary to allege where the offense was committed, but the statute expressly provides that it must be proved, on the trial, to have been committed within the jurisdiction of the county in which the indictment is preferred. Code 1907, § 7140. And without such proof a conviction cannot be sustained.

The venue of a crime should never be left in doubt, nor supplied by inference when it may be readily proved. Walker v. State, 153 Ala. 31, 45 South. 640. The bill of exceptions purports to contain all the evidence, and there was no testimony in this case proving the venue of the alleged offense.

[4] If the evidence affords any inference of the venue that inference would of necessity from the evidence in this case be referable to Shelby county and not to Bibb county, in which the indictment was preferred and the trial had. It would appear that the solicitor realized this infirmity, this total lack of evidence as to venue, and endeavored to overcome same by arguing to the jury "that in a case like this the jury would not consider boundary lines very much." This statement was improper and unauthorized, for under the law the sworn duty of the jury was to ascertain from the evidence that the crime, if committed, was committed within the jurisdiction of the county where the indictment was preferred, and in this case, where the trial was had, and unless the evidence itself so convinced them, they would not be justified in returning a verdict against the accused. This material fact cannot be supplied by the unauthorized assurance from the solicitor, or from any one else, "that in a case like this the jury would not consider boundary lines very much."

This case is, on the question of proof of venue, very similar to the case of Boykin v. State, 148 Ala. 608, 42 South. 999. The following cases all hold that where there is an absence of proof of venue a conviction cannot be sustained. Thompkins v. State, 1 Ala. App. 258, 55 South. 267; Barnes v. State, 134 Ala. 36, 32 South. 670; Harvey v. State, 125 Ala. 47, 27 South. 763; Brown v. State, 100 Ala. 92, 14 South. 761; Randolph v. State, 100 Ala. 139, 14 South. 792; Henderson v. State, 105 Ala. 82, 16 South. 931; Boykin v. State, supra.

Other questions are presented, but from what has been said a reversal of the judgment appealed from must be ordered, and these questions will not in all probability arise upon another trial.

Reversed and remanded.

FOSTER, J. (dissenting). Upon a careful reading of the record I am of the opinion that there was sufficient evidence to go to the jury on the question of venue. However, the question is not properly presented for review. Circuit court rule 35 reads as follows:

"Whenever the general charge is requested, predicated upon the failure of proof as to time, venue, etc., * * * the trial court will not be put in error for refusing such charge, unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument was concluded."

It does not affirmatively appear that the question of venue was brought to the attention of the court "before the argument was concluded." The court will therefore not be put in error for refusing the affirmative charge for defendant on this ground. Ray v. State, 16 Ala. App. 497, 79 South. 620; McMickens v. State, 18 Ala. App. 39, 88 South. 342.

The girl had been persuaded by her sweetheart, Clifford Frazier, upon promise of marriage and statement that he had a license to marry her, to leave her home and start out upon the journey which resulted so disastrously to her. She was in company with Frazier at one time, Ed Pitts at another, Dewey Pitts at another, and Joe Holder at another. Sometimes two or three of them were with her. There was evidence sufficient to go to the jury upon the question of conspiracy of all of these parties to debauch the girl, and evidence of the acts of one conspirator in the furtherance of a common unlawful enterprise is admissible against all. The details of the girl's trip, from the time she left her home on Sunday afternoon until her rescue on Wednesday, relating to the acts of any one of the alleged conspirators, was relevant against all. 1 Mayfield's Digest, p. 6, § 6; Pierson v. State, 99 Ala. 148, 13 South. 550. A conspiracy may and often can only be proven by circumstances and actions. Marler v. State, 68 Ala. 580. Conspiracy vel non is a jury question, and a wide latitude is allowed in proving it. Morris v. State, 17 Ala. App. 126, 82 South. 574.

I am of the opinion that application for rehearing should be granted and that the judgment of the circuit court should be affirmed. I respectfully dissent from the views expressed by the majority of the court.