146 So. 537

## SHORES v. STATE.

8 Div. 650.

Court of Appeals of Alabama.

Feb. 28, 1933.

Joe Starnes, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

One of the controverted propositions upon the trial of this case in the court below was the question of venue. The conviction of this appellant rested upon the testimony of the alleged injured party, and by this witness the state failed to show that the alleged offense was committed within the jurisdiction of the trial court. She, the witness, testified: "I

352

don't know whether it was in Marshall County or not." Also: "I don't know whether it was in this county or not. I don't know about that at all."

■ Venue of a crime is jurisdictional. Under the statute (section 4535, Code 1923) it is not necessary to allege. in the indictment, where the offense was committed; but it must be proved, on the trial, to have been committed within the jurisdiction of the county in which the indictment is preferred. Without such proof a conviction cannot be sustained. Holder v. State, 19 Ala. App. 395, 97 So. 613. "The venue of a crime should never be left in doubt, nor supplied by inference, when it may be readily proved." Walker v. State, 153 Ala. 31, 45 So. 640. The material fact of venue, like any other material fact, can only be proven by legal evidence. It cannot be proven or established by hearsay evidence as was undertaken in this case by the state, through its witness Carl Shockley, whose testimony on the subject was patently not based upon facts within his own knowledge but admittedly upon what he had been told by the prosecutrix. Over the objection and exception of appellant this witness, among other hearsay statements, was permitted to testify "We went up the Big Spring Valley to the Chandler * * * and turned to the left on the road that goes out to Nixon's Chapel, and it was over at the foot of the mountain out that road about seven-tenths of a mile from where they turned off." To permit this witness to thus testify in order to establish proof of venue was reversible error. It affirmatively appeared he had no personal knowledge of the facts so testified about and that his testimony was hearsay, pure and simple.

■ As stated, the conviction of this appellant rested upon the testimony of the girl, Lois Rainwater, the alleged injured party. Under the elementary rules of evidence the defendant had the right to test her bias, if any, and the bona fides of her statements on the witness stand, and to this end he was permitted to show by Mrs. Ella Harris, that "the girl was her granddaughter and that in a certain conversation with her the girl had stated that she (the girl) had sworn a pack of damn lies on Ed Shores before the grand jury, and upon asking her why she did it she replied it looked like she had to to get rid of Bill Tom LaFarlett." Said LaFarlett was shown by the evidence to be the stepfather of the girl. Along this line witness Estelle Helton was permitted to testify, among other things, that Lois told her the charge was untrue and that she was made to prosecute him. The state recalled the prosecutrix to the witness stand. On the original cross-examination of this witness she had testified "Bill Tom La-Farlett has talked to me about it and asked me about it." On cross-examination of this witness (on recall by the state) the defendant

propounded to her the following questions: "Did Bill Tom LaFarlett ever threaten to whip you or beat you if you did not tell that Ed Shores had something to do with you?" Also: "Did he (Bill Tom LaFarlett) ever threaten to kill you if you didn't?" The state objected severally to the foregoing questions, without stating any grounds of objection, and the court sustained the state's objections and would not permit the witness to answer. Upon the principle stated, this was a legitimate inquiry and the court erred in its rulings in this connection. Bias of a witness however superinduced is subject of legitimate inquiry and to this end a wide scope of inquiry should be allowed upon the cross-examination of an adverse witness. Byrd v. State, 17 Ala. App. 301, 84 So. 777, and cases cited.

Numerous other insistences of error are presented, but a discussion of all these questions is not deemed necessary. For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.