# Henry v. The State.

### Indictment for Burglary.

1. *Witness may be examined as to his motives in explanation of acts inconsistent with his evidence.*—A witness may be examined as to his motives, and may explain any act or declaration of his inconsistent with or contradictory of his evidence on the trial.

2. *Same; case at bar.*—On a trial for burglary, where a witness positively identified defendant as the man whom he saw enter the building, but stated that, when defendant, with others, was placed before him for identification, he was not quite satisfied that defendant was the man; it was proper to allow him to explain by stating that he had agreed with those who were with him when the identification was made, that, when he found the right man, he would say that he was not quite satisfied, and that, after saying it, he winked at them.

3. *State's witness may testify that he procured the warrant for defendant's arrest.*—A State's witness may testify that immediately after the defendant was identified witness procured the warrant for defendant's arrest.

4. *Evidence; proof of defendant's conduct at or about time of offense, arrest or accusation, admissible against him.*—The conduct and demeanor of the accused at or about the time of the commission of the offense with which he is charged, or at or about the time he is accused or at the time of his arrest, are competent against him; the weight of the evidence being matter for the jury and dependent upon its connection with other evidence, criminating or exculpatory.

5 *Same; conduct of accused not admissible for him.*—The presumptions arising from the conduct and demeanor of the accused are in the nature of admissions, and he can no more make them evidence, in his favor, than his declarations or admissions.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

The appellant was indicted, tried and convicted for

the burglary of a smoke-house, the property of Sallie Melson.

Upon the trial of the case, as is shown by the bill of exceptions, the State introduced a witness, Jack Melson, who testified among other things: that on Sunday, March 17, 1895, the smoke-house of his wife, Sallie Melson, was broken into; that the smoke-house had been broken into several times before, and he hid himself some 120 steps therefrom to watch during the day; that between 1 and 2 o'clock that day he saw the defendant coming towards the smoke-house; that he walked straight to the smoke-house door, broke a link in the chain by which the door was fastened, opened the door and went inside; that the witness walked up to where he was, and that when the defendant started towards the door he closed it, whereupon the defendant struck him upon the head with an axe, threw open the door and ran off. That he recognized the defendant as the man who broke into the smoke-house, and that he was positive that he was the man. This witness further testified that on the morning of the next day he went with several other men to an adjoining plantation and told the owner that he had come to see if he could identify any of the hands on his place who had broken into his smoke-house the day before; that upon Mr. Goodson, the owner of the place calling up some of his hands, the witness said neither of them was the man; that thereupon the defendant was called, and thereupon the witness replied in the presence of the defendant and Mr. Goodson and the men who had gone with him "I am not quite satisfied," and at the same time winked at the other men who came with him. The solicitor then asked the witness the following question: "Why did you say that you were not satisfied after you saw the defendant." The defendant objected to this question, because it called for the uncommunicated motive or reason of the witness. Thereupon the solicitor said "that he expected to show by the witness that he had agreed beforehand with the other men who had come with him, that if he recognized the man who struck him, he would say that he was not quite satisfied." The defendant objected to the evidence, as offered, on the further ground that it was a conversation between third parties, and not in his presence. The court overruled the objections and permitted the witness to testify

as to what had passed between him and the other men before they came to Goodson's plantation, and to this ruling the defendant duly excepted. The witness then testified to substantially the facts which the solicitor stated he expected to prove as to the conversation with the men who went with him to Goodson's place. This witness further testified that he went directly from the Goodson plantation to the justice of the peace and made affidavit that the defendant was the man who entered the smoke-house, and procured a warrant for his arrest. The defendant objected to this evidence and moved to exclude the same from the jury, on the grounds that it was illegal and irrelevant; that the witness could not be corroborated by proof of his declarations made when the accused was not present. Thereupon "the court stated that he would exclude from the jury what the witness had testified as to the contents of the affidavit, but permitted the evidence that the witness had gone directly from Mr. Goodson's to the justice of the peace and had a warrant issued against the defendant, to go to the jury. To this ruling of the court the defendant duly excepted.

The defendant introduced as a witness the said Goodson, who testified, among other things, that when the witness Jack Melson was trying to identify the man who broke into his smoke-house, the defendant came before him and stood directly in front of said Melson, and he at once said that he was not the man. The witness Goodson was then asked by the defendant's counsel the following question: "What was the demeanor of the defendant when he came up and was confronted by Jack Melson?" The solicitor objected to this question, upon the ground that to permit it to be answered would be to allow the defendant to make evidence for himself. Thereupon the defendant's counsel stated to the court that he expected to show by the evidence that the defendant's demeanor was natural, and that he evinced no excitement or uneasiness in the presence of Jack Melson. The court sustained the solicitor's objection, refused to allow the defendant's counsel to answer, and to this ruling the defendant duly excepted. These rulings upon the evidence are the only questions shown by the bill of exceptions to have been reserved during the trial below.

LOGAN, HARGROVE & VANDEGRAAFF, for the appellant.

The question objected to, and the answer thereto allowed by the court, and for the exclusion of which the motion was made, sought to prove why the witness, whose wife's house was broken into, said the defendant was not the party, when Goodson asked him if he was. This evidence of an agreement that witness had with third persons, and what he said to them, and what they said to him, before they got to Goodson's, and in the absence of the defendant, was clearly incompetent.—3 Brick. Dig. p. 287, § 592, and cases cited; 74 Ala. 401. And a witness cannot be sustained by proof of statements made by him out of court in the absence of the defendant. *Green v. State*, 96 Ala. 29.

The third assignment of error is for the ruling of the court in allowing the evidence to go to the jury, against the objection and exception of the defendant, that he went right from Goodson's to the justice and there got a warrant for the arrest of the defendant; this is clearly incompetent, for the defendant cannot corroborate his own evidence and give it strength by proof of what he did or said out of court in the absence of the defendant. Authorities *supra*.

The fourth and fifth assignments of error raise, substantially, the same question, and we will treat them together. The conduct, demeanor and expressions of the accused, at or about the time of the commission of the offense, are admissible against him, and while this court has never decided the point raised by the assignments of error, we think, if it is admissible to prove his unnatural appearance, or his conduct, or demeanor, at or about the time of the commission of the offense, with equal reason it may be said that if the defendant showed no signs of guilt, at the time, as in this case, when he is confronted by his accuser, and asked by his employer, if he was the man and his accuser said that he was not the man—that the defendant under such circumstances showed nothing more than a natural appearance, and did not betray any signs of a guilty knowledge, is competent to be considered by the jury.—*Johnson v. State*, 17 Ala. 618; *Walker v. State*, 49 Ala. 381.

BRICKELL, C. J.—There was no error in permitting the witness Melson to account for and explain his declaration, on the next day after the commission of the bur-

glary, when the defendant came into his presence, that he was not satisfied the defendant was the guilty party. He had testified precisely and distinctly to the identity of the defendant and detailed the occurrences between them. Whatever of inconsistency there was between his testimony and the declaration it was the right and duty of the witness to explain. The sufficincy of the explanation was matter for the consideration of the jury. The rule is general, that a witness may be examined as to his motives, and may explain any act or declaration of his, inconsistent with or contradictory of his evidence on the trial.—1 Whart. Ev. § 492; *Campbell v. The State*, 23 Ala. 44, 76; *Johnson v. State*, 16 So. Rep. 99. Nor do we perceive any just objection to the evidence that directly after seeing the defendant, the witness porcured a warrant for his arrest.

2. The conduct and demeanor of the accused at or about the time of the commission of the offense with which he is charged, or at or about the time he is accused, or at the time of his arrest, are competent evidence against him; the weight of the evidence being matter for the jury, and dependent upon its connection with other evidence, criminatory, or exculpatory. But it is quite an error to suppose, that his conduct or demeanor is admissible as evidence for him. The presumptions arising from them are in the nature of admissions, and he can no more make his demeanor or conduct evidence, than he can make his declarations or admissions.—*Campbell v. State*, 23 Ala. 79; *Hall v. The State*, 40 Ala., 698.

We find no error in the record, and the judgment must be affirmed.

