# Young v. The State.

## Murder.

(Decided Feb. 14th, 1907. 43 So. Rep. 100.)

1. *Jury; Special Venire; Serving List; Motion to Quash.*—Nine of the special jurors drawn for defendant's trial were not summoned, but their names appeared on a list served upon defendant. Held, no grounds for quashing the venire.

2. *Same.*—Although fifteen of the jurors drawn upon the special venire and served upon defendant did not appear, and their absence was not explained and the court did not enter forfeitures against them, it furnished no grounds for quashing the venire.

3. *Homicide; Evidence; Jury Question.*—Under the evidence in this case it was a question for the jury whether the defendant was guilty of murder.

4. *Criminal Law; Murder; Evidence; Res Gestae.*—It was shown that defendant and others had been gambling, that defendant had lost and was ill-tempered, that decedent threw straw upon

[Young v. The State.]

the fire which blazed up suddenly against defendant, all a short time before the shooting. Held, competent as part of the res gestae, and as illustrating the frame of mind of defendant at or about the time of the shooting, especially where the defense was that the shooting was accidental.

5. *Same.*—The declarations of a by stander, "Come back, it was an accident!" are admissible as part of the res gestae, and as showing the conduct and demeanor of the defendant at or about the time of the shooting especially as defendant returned in response thereto.

6. *Same.—Instructions Covered by Instructions Given.*—It is not error to refuse an instruction covered by an instruction given.

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. PEARCE.

The defendant was indicted and tried for killing Dave Bell by shooting him with a pistol. The errors assigned as to the refusal of the court to quash the special venire sufficiently appear in the opinion. The evidence tended to show that defendant and deceased and some others were engaged in a game of cards just before the shooting took place, and that some were playing at the time of the shooting; that defendant and deceased were standing up near the fire, and the rest of them were a few steps away; that just before the shooting the defendant had been playing with the crowd and had lost all his money, and that he was mad and enraged, and grabbed up the cards from the ground and said he was a great mind to shoot through them; that the fire was about out, and Dave Bell gathered up some straw and threw it on the fire; that defendant was standing near, when the fire suddenly blazed up and ran up his back. Some one said, "Look out! Bishop." Bishop kicked the fire, and at the same time threw his arm across his shoulder, turned about half around, and fired in the direction of Dave Bell, and the shot entered Bell's head and he fell to the ground. The witness was then permitted to testify that all the crowd, except Alf White, ran off a few steps, the defendant going with them, when Alf White said, "Come back! it was an accident," and the defendant and the others came back. Other witnesses testified substantially to the same facts. The defendant's evidence tend-

ed to show that it was an accidental shot. The defendant requested the following charges, which were refused: Charge 22. General affirmative charge. Charge 4. "The court charges the jury that, unless the evidence against the defendant should be such as to exclude to a moral certainty every hypothesis or supposition but that of his guilt, or of the offense imputed to him, the jury must not convict the defendant." Charge 3. "The burden of proof in every criminal case is on the state to prove all the allegation in the indictment; and if, on the whole evidence, the jury have a reasonable doubt whether the defendant is guilty of the crime that is charged, they should acquit him." unnumbered charge. "If the evidence leads to a reasonable doubt, that doubt will avail in favor of the prisoner." Defendant was adjudged guilty of murder in the first degree and sentenced to life imprisonment.

No counsel marked for appellant.

ALEXNADER M. GARBER, Attorney General, for State. The court rightly overruled the motion to quash the venire.—*Gregory v. The State*, 140 Ala. 16; *Barnes v. The State*, 134 Ala. 36. The statement of White was part of the res gestae and admissible as such. All the evidence was properly admitted as part of the res gestae. —*Nordan v. The State*, 143 Ala. 13; *Nelson v. The State*, 130 Ala. 83; *Stephens v. The State*, 138 Ala. 71; *Harbour v. The State*, 140 Ala. 103; *Ferguson v. The State*, 141 Ala. 20. Charge 4 was properly refused.—*Bone v. The State*, 117 Ala. 138. Charge 3 was properly refused.—*Wilson v. The State*, 140 Ala. 42.

DENSON, J.—Before entering on the trial the defendant moved to quash the venire because nine of the special jurors drawn by the presiding judge, and whose names were served on the defendant, were not summoned. It was shown on the hearing of the motion that said jurors could not be found in the county by the sheriff. The motion was properly overruled.—*Barnes' Case*, 134 Ala. 36, 32 South. 670; *Caddell's Case*, 129 Ala. 57, 30 South. 76; *Gregory's Case*, 140 Ala. 16, 37

South. 259; *Webb's Case*, 100 Ala. 47, 14 South. 865.

The bill of exceptions shows that, in organizing the special jury to try the case, the names of the veniremen were drawn from the box in regular order, and 15 of those drawn, and who were served on the defendant, failed to answer; that they were not present, their absence was not explained, nor did the court enter forfeitures against them.  At the conclusion of the impaneling of the jury the defendant moved to quash the venire and strike the jury on account of the absence of the large number of jurors and their unexplained absence.  Giving the defendant full benefit of the above recitals, we would say they show the 15 jurors were summoned and did not obey the summons—were not present.  This furnished no ground to quash the venire.  The law was complied with when summons was served on each juror. No duty rested on the court or the sheriff to do any more.  Even if the jurors had been in Andalusia, but out of the courthouse, there is no law or rule of practice in this state which requires that the court should have had them called at the door of the courthouse, or requiring that they should be sent for when their names were called.—*Waller's Case*, 40 Ala. 325.  The fact that forfeitures were not entered against the absent jurors does not concern the defendant.

The declarations of Alf White, "Come back! it was an accident," were undoubtedly a part of the res gestae, and were properly admitted.  Moreover, it appears that the defendant in response to the declarations immediately returned.  Thus it was competent as showing or tending to show the conduct and demeanor of the defendant at or about the time of the shooting.—*Henry's Case*, 107 Ala. 22, 19 South. 23; *Nordan's Case*, 143 Ala. 13 (9th head note), 25, 39 South. 406; *Nelson's Case*, 130 Ala. 83, 30 South. 728; *Steven's Case*, 138 Ala. 71, 35 South. 122; *Harbour's Case*, 140 Ala. 103-109, 37 South. 330; *Ferguson's Case*, 141 Ala. 20, 37 South. 448.

The state proved by one of its witnesses that, just before the shooting was done by the defendant, defendant had been playing cards with the crowd, the deceased included, and had lost all of his money; that defendant

[Young v. The State.]

was mad and enraged, and grabbed up the cards from the ground, and said he was a good will to shoot through them. This was a minute or two before the shooting. Aside from the question of res gestae, this evidence was competent and relevant as tending to show the conduct and demeanor of the accused—his frame of mind—at or about the time he shot deceased, especially so when the only defense is that the killing was accidental.—*Henry's Case,* 107 Ala. 22, 19 South. 23. Whether or not the defendant was guilty was clearly a question for the jury on the evidence; and charge 22, the general affirmative charge requested by the defendant, was properly refused. Charge 4, refused to the defendant, was properly refused, on the authority of *Bones v. State,* 117 Ala. 138, 23 South. 138. Charge 3 was properly refused, on the authority of *Stoball's Case,* 116 Ala. 454, 23 South. 162; *Wilson's Case,* 140 Ala. 43 (charge. 11), 37 South. 93. If it should be conceded that the refused charge, in these words: "If the evidence leads to a reasonable doubt, that doubt will avail in favor of the defendant"—is not defective in form, still the principle sought to be enunciated is covered by the charge in writing given at the request of the defendant: "If the jury have a reasonable doubt of the guilty of the defendant, they should acquit him." The refused charge is a substantial duplicate of the given charge.

We have found no error in the record, and the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.