(86 South. 131)

JAMES v. STATE.  (1 Div. 360.)

(Court of Appeals of Alabama.  June 8, 1920.)

1. JURY ⬯82(2)—MOTION TO QUASH VENIRE FOR PRESENCE OF NONRESIDENT AND DECEDENT PROPERLY OVERRULED.

Motion of defendant, charged with murder, to quash venire because when drawn one of the veniremen was a nonresident of the state and not a qualified juror of the county, and on the further ground that another venireman, when selected and drawn as a juror on the special venire, was dead and not a qualified juror, was properly overruled.

2. JURY ⬯70(1) — MOTION TO DRAW AND SUMMON ADDITIONAL JURYMEN FOR SPECIAL VENIRE PROPERLY OVERRULED.

Motion of defendant, charged with murder, to draw and have summoned 5 additional jurors for the special venire on the ground that the court had previously ordered that 13 veniremen should be drawn, and only 8 had appeared, and on the further ground that 1 of the special veniremen drawn was deceased and was not a qualified juror, and another a nonresident, *held* properly overruled.

3. HOMICIDE ⬤⇒338(2) — TESTIMONY AS TO HOW DECEDENT DRESSED HARMLESS TO DEFENDANT, CHARGED WITH MURDER.

In a prosecution for murder, testimony of a witness, who did not see deceased until the day following the crime, as to how he was dressed, was harmless to defendant, not bearing on the case in any manner, particularly where no motion was made to exclude his answer.

4. CRIMINAL LAW ⬤⇒404(3)—HACK CUTTER USED IN HOMICIDE ADMISSIBLE.

' In a prosecution for murder, a hack cutter was properly admitted in evidence, it being for the jury to consider along with the other evidence whether it was the one used in the killing or if one was used.

5. CRIMINAL LAW ⬤⇒1122(5) — REFUSAL OF WRITTEN CHARGE NOT ERROR, WHERE ORAL CHARGE NOT IN RECORD.

The trial court will not be put in error for refusing to give a written charge, where the oral charge is not in the record.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Alice James was convicted of murder, and she appeals. Affirmed.

The facts sufficiently appear from the opinion of the court.

Stone & Stone, of Bay Minette, for appellant.

Counsel discuss the assignments of error, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. [1] Before entering upon the trial of the defendant, the defendant moved to quash the venire because at the time it was drawn Fred. D. Scott was a nonresident of the state of Alabama, and not a qualified juror of Baldwin county, and upon the further ground that Harrison Townley, at the time he was selected and drawn as a juror on the special venire in this case, was dead, and not a qualified juror of Baldwin county, Ala. The court properly overruled the defendant's motion. Chaney v. State, 31 Ala. 342; Young v. State, 149 Ala. 16, 43 South. 100; Barnes' Case, 134 Ala. 36, 32 South. 670; Caddell's Case, 129 Ala. 57, 30 South. 76; Gregory's Case, 140 Ala. 16, 37 South. 259; Wilkins v. State, 112 Ala. 688, 21 South. 1028.

[2] On arraignment of the defendant the court ordered that the sheriff summon 50 persons in this cause, including those persons drawn and summoned on the regular juries for the second week of the court. It was further shown that 37 persons had been drawn and summoned on the regular juries for the second week, and these, together with 13 persons drawn from the jury box by the judge, the sheriff was commanded to summon, and these 50 persons were to constitute the venire from which a jury was to be selected to try the defendant. Before striking the jury, the defendant moved to draw and have summoned 5 additional jurors for the special venire in this case, upon the ground that the court had previously ordered that 13 special veniremen should be drawn, and only 8 of the veniremen so drawn appeared, and upon the further ground that Harrison Townley, drawn as a special venireman, was deceased at the time he was so drawn, and was not a qualified juror of Baldwin county, and that Fred. C. Scott, at the time he was drawn as a juror in this case, was a resident of the state of Florida, and not a qualified juror of Baldwin county. It is not complained that these names were not properly drawn from the jury box, and that they were not honestly placed on the venire. It may be that if at the time of the arraignment the fact of the death of the one, or nonresidence of the other had been made known to the trial judge, other names would have been drawn in their places. The return of the sheriff shows that these parties were not found. The motion was properly overruled. Davis v. State, 125 Ala. 44, 28 South. 617.

[3] Objection was made by the defendant to the question propounded to the witness Stewart, "How was he (deceased) dressed?" Witness stated he did not see deceased until the day following the killing. It appears from the testimony that the manner of or how the deceased was dressed had no bearing in any way on the case, or was in any wise a question, so it does not appear how the defendant could possibly have been affected. Besides, there was no motion made to exclude the answer to the question.

It appears from the record that the court sustained the defendant's objection to the question propounded to the witness Thrasher, which is made the basis of the fifth assignment of error.

[4] The hack cutter was properly admitted in evidence, it being for the jury to consider, along with the other evidence, whether it was the one used, or if indeed one was used.

[5] The defendant's objection to the question propounded to the witness Smith, "Who were you living with?" was general, and no motion was made to exclude the answer. Besides, it may have been competent, if he was living with the defendant, Alice James, as the jury might have inferred from his answer.

The record does not contain the oral charge of the court, and the trial court will not be put in error for refusing to give a written charge where the oral charge is not set out in the record.

The record appears in this case to be regu-

lar; there is no reversible error, and the judgment is affirmed.

Affirmed.