208 So.2d 241

**John BOWMAN**

v.

**STATE.**

**4 Div. 604.**

Court of Appeals of Alabama.

Feb. 20, 1968.

Rehearing Denied March 12, 1968.

**332**

Albert F. Simpson, Jr., Eufaula, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted for robbery by the Grand Jury of Barbour County, Alabama. Subsequent to a plea of not guilty, he was tried, found guilty as charged, and sentenced to a term of fourteen years in the penitentiary. Appellant filed a motion for a new trial which .was· denied and he now appeals.

Gerald Bennett, the State's first witness, testified that on December 6, 1966, he was working as a clerk at the Qwik Mart Grocery on Highway 431 South of Eufaula; and that the appellant and another man entered the store, picked up some items and walked up to the cash register in front of the checkout stand. Bennett testified that the appellant handed him a dollar bill and that he rang up the sale on the register and had the change in his hand when appellant's companion pulled a gun on him and told him to get to the back of the store. Bennett stated that he was placed in a walk-in cooler and that the door was shut; that he was unable to see the checkout stand through glass doors which were built into the side of the cooler; and that he did not see either appellant or his companion thereafter. Bennett stated that he stayed in the cooler for about two minutes and then came out. At this time neither appellant nor his companion was in the store. He said that at the time of the alleged robbery no one else was in the store. Bennett further testified that later in the evening he went to the courthouse at Clayton with two law enforcement officers where he identified appellant and one other man as the two men who robbed him.

Elizabeth Ballard testified for the State that she was with appellant and two others in an automobile; that she did not remember the date; that they stopped outside of a store and went inside; that "when they went in the store they come back out Johnny had 3 cartons of cigarettes, 2 cartons of Winstons and a carton of Pall Mall." She further testified in part as follows:

"Q. Did they take the gun in the store with them?

"A. When they come ˙ back they brought the gun out with them.

"Q. You say the gun?

"A. Yes sir I saw it all of the time we was with them.

"Q. After they came back out of the store with the cigarettes where did you go?

"A. Went down a dirtroad.

"Q. What happened there?

"A. Johnny took the greens out and put it in his billfold and took the change out and put it in a bag and put it in the car pocket.

"Q. When you say 'greens' what do you mean?

"A. Dollars, bills, paper money.

"Q, Did what with the change?

"A. Took it out of his pocket and put it in a bag and put it in the car pocket.

"Q. That is this defendant, John Bowman, he had the money in his pocket. Is that correct?

"A. Yes sir.

"Q. Then where did you go?

"A. After we come off of the dirtroad we went down the road and that is when the road was blocked.

"Q. Who was blocking the road?

"A. I don't know. The police. I don't even know the policemen.

"Q. Was it the police?

"A. Yes sir it was police.

"Q. Was that when you were arrested?

"A. Yes sir."

The defense offered no evidence.

Appellant objected to the identification of appellant and his companion by the witness Bennett on the ground that the identification made by Bennett at the Clayton County Courthouse was illegal. Appellant contends that at the time Bennett identified him, he and his companion were the only two negroes in the room and, therefore, there was an unlawful lineup.

The rules set out in U. S. v. Wade, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926; Gilbert v. State of California, 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951, do not apply to pre-trial identifications made prior to June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Pre-trial identifications are not always made from a lineup. Beavers v. State, 103 Ala. 36, 15 So. 616; Aaron v. State, 273 Ala. 337, 139 So.2d 309.

■ In the case at bar the record shows that the victim of the alleged robbery was shown several other suspects prior to being shown the appellant and his companion and stated that he did not recognize any of them. The testimony regarding this identification was as follows:

"Q. Tell us what you found when you went to the room there. Just tell us what happened when you got there?

"A. Well, they just asked me to go in and identify these two—would they be the ones that made the robbery at the store. So I went in and did identify them as the two that did the robbing.

"Q. Isn't it true that before you made the identity that one or more of the police officers had told you we have got your boys or words to that effect?

"A. Not to that effect no sir. They didn't know whether they were the ones or not. They wanted me to see if they were the ones that they had."

We find nothing in this testimony indicating that the witness was influenced.

■ Appellant contends that he was not provided a preliminary hearing nor did he waive same. There is no necessity for a preliminary hearing in order to satisfy the requisites of due process and whether or not there was a preliminary hearing would have no bearing on the validity of the indictment and subsequent proceedings incident thereto. Queor v. State, 278 Ala. 10,

174 So.2d 687; Manning v. State, 43 Ala. App. 182, 185 So.2d 145.

Code of Alabama, 1940, Tit. 30, Sec. 63, states as follows:

"Whenever any person or persons stand indicted for a capital felony, the court must, on the first day of the session or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required, with the regular jurors drawn for the week, set for the trial, to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant, and must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant, by the sheriff, at least one entire day before the day set for the trial, and the defendant shall not be entitled to any other or further notice of the jurors drawn for his trial nor of the charge or indictment upon which he is to be tried. If the persons summoned as jurors fail to appear, or if the panel is exhausted by challenges, neither the defendant nor his counsel is entitled to a list of the persons summoned to supply their places."

■ Venire for the trial of appellant's case was set at 65, 50 of which were to be regular jurors and 15 special jurors. It appears that the proper number of veniremen were drawn and summoned but that, due to one special venireman not appearing in court and a number of them being excused, less than 50 were present in court at the time of the trial. The record shows that the special venireman who did not appear in court was on military duty out of

the country at the time. In the absence of any showing that the failure of supplying a replacement would result in the number of the venire being below that required by Code of Alabama, 1940, Tit. 30, Sec. 63, (James v. State, 17 Ala.App. 490, 86 So. 131; Davis v. State, 126 Ala. 44, 28 So. 617) there is no requirement for the trial court to supply a special venireman to replace one previously drawn who is out of the country on military duty. The record also reflects that the veniremen who were excused were excused within the presence and knowledge of appellant. Thus, it appears that appellant did not object to excuses offered by the individual jurors but objected to the fact that by excusing those jurors requesting it, the venire would be reduced to below 50.

Code of Alabama, 1940, Tit. 30, Sec. 65, says as follows:

"If in any capital case the number of competent jurors shall be less than thirty, before requiring any of them to be stricken off, the court must draw as prescribed in this chapter, and have summoned, enough qualified jurors who are within or live within five miles of the courthouse, or who live within the corporate limits of a city of ten thousand or more inhabitants, in which the court is held, to increase the number to at least thirty and have their names placed on the list with other competent jurors and shall then require the solicitor and the defendant or defendants to strike from the list as provided in this article, the number of jurors that each may be entitled to strike off, until only twelve remain thereon, and these twelve shall be sworn and empaneled as the jury for the trial of the defendant or defendants."

■ Interpreting Tit. 30, Sec. 63, supra, in the light of what is said in Tit. 30, Sec. 65, supra, we are of the opinion that having less than 50 veniremen to strike from in a capital case is not improper when it is shown that the venire was properly drawn and summoned; and that the resulting re-

duction of the number in the venire, because of excusing diverse veniremen, was done in appellant's presence.

 In the case at bar appellant had 49 jurors from which to strike, 19 in excess of that required by Tit. 30, Sec. 65. Therefore, in the absence of any showing that the venire was either improperly drawn or summoned, we conclude that the venire was proper and sufficient to try appellant for robbery. Lewis v. State, 10 Ala.App. 31, 64 So. 537. See also Carmack v. State, 191 Ala. 1, 67 So. 989; Wright v. State, 15 Ala.App. 91, 72 So. 564; and Lassiter v. State, 36 Ala.App. 695, 63 So.2d 222.

Appellant contends in his brief that he made a timely objection on grounds that the uncontroverted testimony was that the money allegedly taken did not belong to Mr. Bennett as charged in the indictment, and that no property was carried away from the person of Mr. Bennett by force or by putting him in fear.

It is not necessary that title be in the person robbed. Douglass v. State, 21 Ala.App. 289, 107 So. 791, states in part as follows:

"To constitute robbery it is necessary, of course, that the property taken should be that of some other person than him who takes it, but it is not necessary that it should be the property of the person from whom it is taken."

Appellant contends also that the trial court's refusal to charge the jury as to lesser and included offenses of robbery constituted reversible error. Appellant contends that under the facts of this case he was entitled to have the jury so charged.

We do not agree. The Alabama Supreme Court in Kelly et al. v. State, 235 Ala. 5, 176 So. 807, held that refusal to instruct the jury as to lesser and included offenses was not error by the trial court, unless there was a reasonable theory from the evidence which would not support a conviction for robbery, but would support a conviction for larceny or assault and battery. We are not persuaded that a "reasonable theory" can be found in the case at bar.

Having diligently searched the record for defects, we are of the opinion that appellant's other claims of error have no merit. Therefore, this cause is due to be and the same is hereby

Affirmed.