Appellant James Scaife, Jr., was convicted of forgery and sentenced to five years in the circuit court below in Pike County and appeals his case to this court, raising only one point contending that the trial court erred in not granting his motion to dismiss the indictment because a preliminary hearing had not been given Scaife prior to his indictment and trial.
According to the record, a complaint was made against Scaife charging him with forgery and a warrant for Scaife's arrest was issued by the Inferior Court of Pike County, and served on Scaife June 4, 1975. Scaife made bond on June 16, 1975. A preliminary hearing was never held by the Inferior Court of Pike County. Twenty-two days after Scaife's arrest, he was indicted for forgery by the grand jury of Pike County, on June 26, 1975, and was arraigned on July 8, 1975. On August 18, 1975, and again on August 21, 1975, Scaife moved to dismiss the indictment for the lack of a preliminary hearing being held and both times the court refused to grant Scaife's motion. Scaife was found guilty by a jury on September 9, 1975, and sentenced by the court to five years in the penitentiary on September 10, 1975.
As to the issue pertaining to a preliminary hearing, Mr. Robert Newman, Jr., Clerk of the Circuit Court and Inferior Court of Pike County, testified at a hearing on Scaife's motion to dismiss as follows:
 "Q. Would you tell the Court the custom as to how a defendant gets a preliminary hearing in the Inferior Court?
 "A. He either asks for it in writing or filing a motion for a preliminary hearing through his attorney or I guess he could just write out a long hand and do it hisself [sic]. In other words, by giving the Judge notice he wants a preliminary hearing or me. If he gave it to me I would ask the Judge what day he wanted it set on."
It is clear that the State admitted that Scaife was not given a preliminary hearing. At the trial, Scaife contended that between his arrest and arraignment he was unable to employ an attorney and that Scaife thought he would receive a preliminary hearing without asking for it.
The law of Alabama has been enounced by this Court that a preliminary hearing is not necessary to satisfy the requisites of due process and the fact that there was no preliminary hearing would have no bearing on the validity of an indictment or subsequent proceedings. Bowman v. State, 44 Ala. App. 331,208 So.2d 241; Queor v. State, 278 Ala. 10, 174 So.2d 687.
It becomes a moot question after an indictment has taken place as to whether a person has had a preliminary hearing prior to the indictment. Core v. State, 50 Ala. App. 533,280 So.2d 794.
Although it is not argued in appellant's brief on appeal, it was raised at the time of trial that Scaife did not realize that he could have had a preliminary hearing if he had asked for it. Since the law does not require that a preliminary hearing be held, it still remains a moot question whether Scaife knew or did not know to ask for a preliminary hearing or whether he did or did not ask for a preliminary hearing. The holding of a preliminary hearing is simply not a requirement of due process. Bowman v. State, supra; Queor v. State, supra;Core v. State, supra.
In addition to responding to the question raised on appeal, we have also reviewed the entire record as required by T. 15, § 389, Code of Alabama 1940, Recompiled 1958, and having found no error therein prejudicial to Scaife, the judgment appealed from should be affirmed.
The foregoing opinion was prepared by the Honorable Perry O. Hooper, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, *Page 148 
Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is
AFFIRMED.
All the Judges concur.