A jury found appellant guilty of forgery of a check drawn on First Alabama Bank of Huntsville for the sum of Three Hundred Nine Dollars and Forty Cents, which constitutes forgery in the first degree. Code of Alabama, Recomp. 1958, Tit. 14, § 199. The court fixed his punishment at imprisonment for five years, which is within the limits prescribed by Tit. 14, § 207.
Defendant was at first represented by employed counsel. In the course of such representation a trial of defendant was commenced, but a mistrial was ordered and the case continued for trial at the request of defendant. Upon the call of the case for trial that resulted in the conviction from which this appeal was taken, defendant informed the court that he was dissatisfied with his employed counsel and requested the court to appoint him counsel, and not appoint the counsel whom he had employed. The court complied with the request and appointed counsel to represent defendant as an indigent and held the case in abeyance until the next day, in order for defendant and his appointed counsel to prepare together for the trial. *Page 1197 
Upon call of the case for trial the next day, his appointed counsel informed the court that defendant had asked him "to ask the court if he would be allowed to represent himself without the benefit of an attorney." After a lengthy colloquy between the court and defendant, in which defendant continued to insist that he be allowed to represent himself, and a warning from the court that he was making a mistake, the court allowed him to represent himself on the trial, with the understanding, which was agreeable to defendant, that his appointed counsel would sit with him and be with him to assist him in defending himself, which said counsel did.
Defendant made a preliminary motion for a psychiatric examination, but in the course of a discussion of it, he withdrew the motion and requested the court to "proceed with the trial."
Donna Hopper testified that while she was employed by First Alabama Bank of Huntsville on August 4, 1977, she was presented a check by defendant that purported to be a check drawn on said bank by Sledge Upholstery, dated August 4, 1977, and payable to Reggie Hyder for the sum of Three Hundred Nine Dollars and Forty Cents. She positively identified defendant as the person who presented the check. She recalled that at the time the check was presented she took a nondriver's I.D. card with the name Reggie Hyder thereon as identification. She said defendant presented the check to her for deposit, "less cash," that only thirty dollars of the amount was actually deposited to the account of Reggie Hyder and the balance of two hundred seventy-nine dollars and forty cents was delivered to defendant.
James Sledge, owner of Sledge Upholstery, testified that defendant had worked for him about a month, but that the purported check of Sledge Upholstery for three hundred nine dollars and forty cents was not signed by him or by anyone authorized by him to sign such a check. He said the purported signature of James Sledge on the check was not the witness' signature. He further said he did not know Reggie Hyder, whose name was on the check as the payee thereof. According to the witness, the check was on one of the printed forms of checks being used by Sledge Upholstery and that while defendant was working for the company defendant had access to the company checks, which were kept under the office desk. The particular check was similar in form to three cancelled paychecks of the previous month which were payable to defendant and which were admitted in evidence.
Defendant himself did not testify, but he presented evidence of the operations of the License Department of the Alabama Department of Public Safety showing that upon proper identification and the payment of a fee, a non-driver can obtain an I.D. card, that a Reggie Hyder had been issued a non-driver's I.D. card, but no Reggie Hyder had been located.
When defendant stated he would take an appeal from the conviction, the court first appointed as his attorney on appeal the same attorney that represented him on the trial, but upon the request of appellant that he "be permitted to perfect and direct his own appeals," the court relieved appellant's former attorney "from further proceeding in this matter" and appointed another highly regarded attorney of the Huntsville Bar "to assist the defendant" on appeal. Appellant has made his appearance in a pro se brief in which he acknowledges the assistance of counsel appointed by the court to assist him.
In the first part of his brief, appellant argues for a reversal on account of alleged failure of his counsel to obtain a preliminary hearing and refusal to "present the probable cause question to the court, as well as the question of illegal arrest." There is nothing in the record to support appellant's assertion. Furthermore, as there is an indictment upon which the prosecution is based, the matters complained of furnish no cause for a reversal as they have no bearing on the validity of proceedings that are based upon a valid indictment. Queor v.State, 278 Ala. 10, 174 So.2d 687 (1965); Bowman v. State,44 Ala. App. 331, *Page 1198 208 So.2d 241 (1968); Core v. State, 50 Ala. App. 533,280 So.2d 794, cert. denied 291 Ala. 776, 280 So.2d 797 (1973); Jordan v.State, 56 Ala. App. 55, 318 So.2d 793, cert. denied, 294 Ala. 761, 318 So.2d 801 (1974); Scaife v. State, Ala.Cr.App.,337 So.2d 146 (1976).
It appears that while Donna Hopper was testifying, she was shown a photograph which she testified had been exhibited to her by Howard Bolling, a parole officer, a short time after August 4, 1977. She testified that the photograph was the likeness of defendant. The photograph was never admitted or offered in evidence, although defendant at one time while holding the photograph in his hand exhibited it to the jury and stated that he would "like to exhibit it to the jury." Reference was made in her testimony to other photographs of defendant that Mr. Bolling had shown her after August 4, 1977. It appears that no photographs of persons other than defendant were shown her by Mr. Bolling.
Appellant contends that the fact that the witness was shown photographs of defendant by Mr. Bolling, and of nobody else, constituted such impermissibly suggestive identification procedure as to taint and thereby vitiate her in-court identification of defendant.
Whether an in-court identification has been so tainted by an extrajudicial identification as to vitiate the in-court identification is not to be determined solely by the circumstances of the extrajudicial identification, but all of the circumstances relative to the identification of defendant by the witness are to be taken into consideration, and if it is determinable therefrom that an in-court identification was independent of the extrajudicial identification, evidence of the in-court identification is admissible. Spears v. State,57 Ala. App. 525, 329 So.2d 579, cert. denied 295 Ala. 420,329 So.2d 582 (1976); Impson v. State, Ala.Cr.App., 331 So.2d 837, (1976); Cross v. State, Ala.Cr.App., 351 So.2d 698 (1977);Brown v. State, Ala.Cr.App., 342 So.2d 1367 (1977); Donilson v.State, Ala.Cr.App., 350 So.2d 738 (1977).
Obviously cognizant of the principle of law just stated, the trial court questioned the witness on the particular point in a hearing out of the presence of the jury, as shown by the following:
 ". . . Let me ask you this, please M'am; are you testifying in court as to identification of this witness based on the appearance of the photograph or from your own personal knowledge?
"A My own personal knowledge.
 "THE COURT: And your recollection of him at that time?
"A Yes, sir."
We are convinced that the record supports the quoted statement of the witness to the effect that no photographs shown her by Mr. Bolling had any influence upon her in-court identification of defendant, and, therefore, did not taint the in-court identification. She was positive as to her recollection of defendant as he presented the allegedly forged check to her for a "less cash" deposit. It was a part of her duty to the bank at that time to identify the one presenting the check as the person named in it as payee and as the person whose photograph on the non-driver's identification card was exhibited to her for comparison. In addition, the witness said that prior to the date of the alleged forgery she had had occasion to see the defendant when she was working out at the drive-in area of the same bank.
Appellant asserts as error the action of the court in allowing the State to present testimony by another witness, Connie Tucker, of another forgery by appellant of another purported check of Sledge Upholstery on August 4, 1977. That check was also payable to Reggie Hyder and was for three hundred nine dollars and sixty cents. It appears that a separate indictment was returned against appellant for the forgery of that check, that he has been tried and convicted as to that indictment and has appealed his conviction. Notwithstanding the general rule that evidence of another crime is not usually admissible in a particular case, the evidence here considered is admissible *Page 1199 
under at least two exceptions (criminal intent and identity) to the general rule of exclusion.
 "The crime of forgery in Alabama has, as its crucial element, a requisite intent on the part of the defendant to defraud. As tending to prove this intent, the State is allowed to introduce evidence that the accused forged other paper of a similar kind at or about the time of the commission of the charged offense, which purported to have been executed by the same person." Gamble, McElroy's Alabama Evidence, 3d Ed. (1977), § 70.01 (11).
Included among the authorities cited by the author areChristison v. State, 41 Ala. App. 192, 142 So.2d 666 (1916), aff'd, 273 Ala. 564, 142 So.2d 676 (1962); Hall v. State,21 Ala. App. 476, 109 So. 847, cert. denied 215 Ala. 148,109 So. 849 (1926); Kirby v. State, 17 Ala. App. 151, 82 So. 641, cert. denied 203 Ala. 473, 83 So. 416 (1919).
Appellant states in his brief that the State "presented a witness posing under the disguise of defense witness" and says that the record incorrectly lists him as a defense witness and incorrectly indicates that he was called as a witness for the defense. The record shows that the witness was first interrogated by defendant and thereafter was cross-examined by the State. We do not find that the record is inaccurate in referring to the witness as defense witness. At any rate, such a reference to him in the record is a formality of the record that did not form a part of the actual trial of the case and thereby come to the attention of the jury and could not have been harmful to defendant.
Appellant lists a large number of questions asked witnesses by the prosecution and complains that they constitute leading questions. Some of them are not leading. As to some of them, no objections were made. As to any of them that were leading and as to which objections were made, we find that rulings of the court were well within its discretionary province in permitting leading questions on direct examination.
Appellant argues that the judgment and sentence should be reversed because of the reference to Mr. Howard Bolling as a parole officer during the interrogation of Donna Hopper as a witness for the State as to photographs of defendant shown her by Mr. Bolling. Appellant contends that such reference was prejudicial to him in that it tended to show that he had been previously convicted of crime. There may be good ground for the conclusion of probable injury from such reference, but we do not find that any effort was made by defendant, by objection, motion to exclude, motion for a mistrial, or other action, to eradicate the injury claimed. Defendant invoked no action of the court as to the particular point, and the court should not be charged with error as to it.
As a final contention, appellant claims that the attorney appointed by the court to assist him in the defense, he having elected to defend himself, "interfered with the defense." This contention is not supported by the record, in our opinion. The attorney had an obviously difficult role but one which defendant deliberately and knowingly chose for him to assume. On the whole, we find that he performed his duty well and that nothing that he did constituted an interference with the defense, as charged.
We have found no error in the record prejudicial to defendant and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur. *Page 1200